IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CITY OF COLLEGE PARK and CHARLES E. PHILLIPS, SR., | ) ) ) | |
| Plaintiffs, | ) ) ) | Civil Action No.: 1:08-CV-01464-JEC |
| v. | ) ) | |
| CITY OF ATLANTA, SHIRLEY FRANKLIN, in her official Capacity as Mayor of the City of Atlanta, and the STATE OF GEORGIA, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## Defendants', City of Atlanta's and Mayor Shirley Franklin's, Defenses and Answer to Verified Complaint for Declaratory Judgment and Injunctive Relief

Defendants, the City of Atlanta ("City") and Mayor Shirley Franklin (in her official capacity as Mayor of the City), file the following Defenses and Answer:

## Defenses

**1.**

## First Defense

Plaintiffs fail to state any claims upon which relief may be granted.

1

## 2.

## Second Defense

Plaintiffs fail to state any claims upon which relief may be granted. Specifically, Plaintiffs seek from this Court an impermissible advisory opinion.

## 3.

## Third Defense

Plaintiffs' claims are moot; the City has already acquired Wynterbrook Apartments, the property at issue in this case.

## Answer

Defendants respond to the titled and numbered paragraphs of Plaintiffs' Verified Complaint for Declaratory Judgment and Injunctive Relief as follows:

## Introduction

Defendants deny the allegations contained in the first paragraph of Plaintiffs' introductory section. Defendants deny the allegations contained in the first sentence of the second paragraph of Plaintiffs' introductory section-the City has already acquired Wynterbrook Apartments. Defendants

deny the allegations contained in the second sentence of the second paragraph of Plaintiffs' introductory section. Defendants admit, concerning the allegations contained in the third sentence of the second paragraph of Plaintiffs' introductory section, that Atlanta has not sought such preclearance; Atlanta is not required to do so under applicable law. Defendants deny the allegations contained in the last sentence of the second paragraph of Plaintiffs' introductory section. Defendants deny the allegations contained in the third paragraph of Plaintiffs' introductory section.

## Personal Jurisdiction and Venue

1.

Defendants admit the allegations contained in Paragraph 1 of Plaintiffs' Complaint.

2.

City is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 2 of Plaintiffs' Complaint.

3.

Defendants deny that Atlanta is a proper "Defendant in this action for purposes of enforcement of the Voting Rights Act". Defendants admit the remaining allegations contained in Paragraph 3 of Plaintiffs' Complaint.

4.

Defendants deny that Georgia is a proper "Defendant in this action for purposes of enforcement of the Voting Rights Act" inasmuch as Plaintiffs' claims under such Act do not constitute claims that are cognizable in this Court under the facts alleged in Plaintiffs' Complaint. Defendants admit the remaining allegations contained in Paragraph 4 of Plaintiffs' Complaint.

5.

Defendants admit the allegations contained in Paragraph 5 of Plaintiffs' Complaint.

## Subject Matter Jurisdiction

6.

The allegations contained in paragraph 6 of Plaintiffs' Complaint state a legal conclusion, to which no response is required. To the extent a response is required, the allegations are denied.

7.

Defendants admit the allegations contained in Paragraph 7 of Plaintiffs' Complaint.

8.

Defendants admit the allegations contained in Paragraph 8 of Plaintiffs' Complaint.

## **Background Facts**

9.

Defendants admit the allegations contained in Paragraph 9 of Plaintiffs' Complaint to the extent they accurately depict the objectives and policies underlying the ASNA.

10.

Defendants deny the allegations contained in Paragraph 10 of Plaintiffs' Complaint.

11.

Defendants deny the allegations contained in Paragraph 11 of Plaintiffs' Complaint.

12.

Defendants admit the allegations contained in Paragraph 12 of Plaintiffs' Complaint.

13.

Defendants admit the allegations contained in Paragraph 13 of Plaintiffs' Complaint.

14.

Defendants deny the allegations contained in Paragraph 14 of Plaintiffs' Complaint, as stated.

15.

Defendants deny the allegations contained in Paragraph 15 of Plaintiffs' Complaint, as stated.

16.

Defendants admit the allegations contained in Paragraph 16 of Plaintiffs' Complaint.

17.

Defendants admit the allegations contained in Paragraph 17 of Plaintiffs' Complaint to the extent they accurately quote O.C.G.A. § 6-3-20.

18.

Defendants admit the allegations contained in Paragraph 18 of Plaintiffs' Complaint.

19.

Defendants deny the allegations contained in Paragraph 19 of Plaintiffs' Complaint.

20.

City is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 20 of Plaintiffs' Complaint; they are, accordingly, denied.

21.

City is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 21 of Plaintiffs' Complaint; they are, accordingly, denied.

22.

Defendants deny the allegations contained in Paragraph 22 of Plaintiffs' Complaint.

23.

Defendants deny the allegations contained in Paragraph 23 of Plaintiffs' Complaint.

24.

Defendants admit the allegations contained in Paragraph 24 of Plaintiffs' Complaint.

25.

Defendants deny the allegations contained in Paragraph 25 of Plaintiffs' Complaint.

26.

Defendants admit that Wynterbrook Apartments is situated within a 70 dB noise exposure zone. Defendants deny the remaining allegations contained in Paragraph 26 of Plaintiffs' Complaint and, in particular, aver that City has already acquired Wynterbrook Apartments.

27.

Defendants deny the allegations contained in Paragraph 27 of Plaintiffs' Complaint.

28.

Defendants deny the allegations contained in Paragraph 28 of Plaintiffs' Complaint and, in particular, aver that City has already acquired Wynterbrook Apartments.

29.

Defendants admit that City has already acquired Wynterbrook Apartments and deny the remaining allegations contained in Paragraph 29 of Plaintiffs' Complaint.

30.

Defendants deny the allegations contained in Paragraph 30 of Plaintiffs' Complaint.

31.

City is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 31 of Plaintiffs' Complaint; they are, accordingly, denied.

32.

Defendants deny the allegations contained in Paragraph 32 of Plaintiffs' Complaint.

## COUNT I

## VIOLATION OF THE VOTING RIGHTS ACT

33.

Defendants incorporate by reference all responses to Paragraphs 1 through 32 above as if fully set forth in this numbered Paragraph.

34.

Defendants admit the allegations contained in Paragraph 34 of Plaintiffs' Complaint to the extent they accurately set forth the legal requirements of Section 5 of the Voting Rights Act.

35.

Defendants admit the allegations contained in Paragraph 35 of Plaintiffs' Complaint.

36.

Defendants deny the allegations contained in Paragraph 36 of Plaintiffs' Complaint.

37.

Defendants deny the allegations contained in Paragraph 37 of Plaintiffs' Complaint.

38.

Defendants deny the allegations contained in Paragraph 38 of Plaintiffs' Complaint.

39.

Defendants deny the allegations contained in Paragraph 39 of Plaintiffs' Complaint.

40.

Defendants deny the allegations contained in Paragraph 40 of Plaintiffs' Complaint.

41.

Defendants admit that Atlanta has not sought preclearance and denies that it was/is required to under § 5 of the Voting Rights Act or any other applicable law. Defendants deny the remaining allegations contained in Paragraph 41 of Plaintiffs' Complaint.

42.

Defendants deny the allegations contained in Paragraph 42 of Plaintiffs' Complaint.

43.

Defendants deny the allegations contained in Paragraph 43 of Plaintiffs' Complaint.

44.

Defendants deny the allegations contained in Paragraph 44 of Plaintiffs' Complaint.

45.

Defendants deny the allegations contained in Paragraph 45 of Plaintiffs' Complaint.

46.

Defendants deny the allegations contained in Paragraph 46 of Plaintiffs' Complaint.

        Respectfully submitted,

        ELIZABETH CHANDLER
        City Attorney
        Georgia Bar No. 002520

        /s/Robert B. Caput
        ROBERT B. CAPUT
        Senior Assistant City Attorney
        Georgia Bar No. 108940
        Robert.Caput@atlanta-airport.com

City of Atlanta, Department of Law
Hartsfield-Jackson Atlanta International Airport
6000 North Terminal Parkway
3rd Floor, East End
Atlanta, Georgia 30320
(404) 209-4132 Direct Dial
(404) 209-4110 Facsimile
Email: Robert.Caput@atlanta-airport.com

## Verification

Personally appeared before me, the undersigned officer duly authorized to administer oaths, Mario Diaz, in his capacity as Deputy Aviation General Manager of City's Department of Aviation, who, having been first duly sworn, deposes and states that the factual matters set forth in this pleading are true and correct to the best of his personal knowledge, information and belief.

This 15th day of May, 2008.

_____
Mario Diaz, Deputy Aviation
General Manager
City of Atlanta, Department
Of Aviation

Sworn to and subscribed before me this 15th day of May, 2008.

_____
Notary Public

My Commission Expires
My Commission Expires on June 27, 2011
DeKalb, County Georgia

## **CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 5.1(C)**

I certify that the foregoing Defendants', City of Atlanta's and Mayor Shirley Franklin's, Defenses and Answer to Verified Complaint for Declaratory Judgment and Injunctive Relief has been prepared with Times New Roman font, 14 point, in compliance with the requirements of L.R. 5.1(C).

/s/Robert B.Caput
ROBERT B. CAPUT
Senior Assistant City Attorney
Georgia Bar No. 108940
Robert.Caput@atlanta-airport.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CITY OF COLLEGE PARK and ) <br> CHARLES E. PHILLIPS, SR., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> CITY OF ATLANTA, SHIRLEY ) <br> FRANKLIN, in her official ) <br> Capacity as Mayor of the City of ) <br> Atlanta, and the STATE OF ) <br> GEORGIA, ) <br> ) <br> Defendants. ) | Civil Action No. <br> 1:08-cv-01464-JEC |

## CERTIFICATE OF SERVICE

I certify that on May 15, 2008, I electronically filed Defendants', City of Atlanta's and Mayor Shirley Franklin's, Defenses and Answer to Verified Complaint for Declaratory Judgment and Injunctive Relief with the Clerk of Court using the CM/ECF system which will automatically send notification of such filing to the following counsel of record:

Michael J. Bowers
David Gregory Michell
Robert F. Glass
BALCH & BINGHAM LLP
30 Allen Plaza, Suite 700
30 Ivan Allen Jr. Blvd. N.W.
Atlanta, Georgia 30308
mbowers@balch.com

15

gmichell@balch.com
rglass@balch.com

L'Erin Frances Barnes
Lister & Holt, LLC
102 South Main Street
Jonesboro, Georgia 30236

Steven M. Fincher
Winston A. Denmark
L'Erin Frances Barnes
FINCHER DENMARK & WILLIAMS, LLC
2262 Mount Zion Road
Jonesboro, Georgia 30236
sfincher@fdwlaw.com
wdenmark@fdwlaw.com
lbarnes@fdwlaw.com

David F. Walbert
PARKS, CHESIN & WALBERT, P.C.
75 14th Street, 26th Floor
Atlanta, Georgia 30309
dwalbert@pcwlawfirm.com

Dennis Robert Dunn
Office of State Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
ddunn@law.ga.gov

/s/ Robert B. Caput
ROBERT B.CAPUT
Senior Assistant City Attorney
Georgia Bar No. 108940
Robert.Caput@atlanta-airport.com

City of Atlanta, Department of Law
Hartsfield-Jackson Atlanta International Airport
6000 North Terminal Parkway

16

3rd Floor, East End
Atlanta, Georgia 30320
(404) 209-4132 Direct Dial
(404) 209-4110 Facsimile
Email: Robert.Caput@atlanta-airport.com