IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CITY OF COLLEGE PARK and<br>CHARLES E. PHILLIPS, SR.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ATLANTA and SHIRLEY<br>FRANKLIN, in her official capacity<br>as Mayor of the City of Atlanta,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.<br>1:08-CV-1464-JEC |

## JOINT MOTION FOR RELIEF FROM ORDER AND OPINION AND JUDGMENT

Pursuant to Fed. R. Civ. Proc. 60(b)(6), the parties request relief from the Court's March 31, 2009, Order and Opinion and Judgment (collectively, "Judgment"), showing the Court as follows:

1. With its Judgment, the Court denied Plaintiffs' Request for Three-Judge Court, denied Plaintiffs' Motion for Leave to File First Amended Complaint, vacated its previous injunction, and directed the Clerk to close this action.

2.  "Where a single judge has disposed of the complaint through a final order [denying a request for a three-judge court], appeal lies to the court of appeals under 28 U.S.C. § 1291." <u>Gonzalez v. Automatic Emp. Credit Union</u>, 419 U.S. 90, 101 (1974).

3.  On April 30, 2009, Plaintiffs' filed their Notice of Appeal in the District Court.

4.  Generally, the filing of a notice of appeal deprives the district court of jurisdiction over issues involved in the appeal; however, the district court retains jurisdiction to entertain and deny Rule 60(b) motions. <u>See</u> <u>Mahone v. Ray</u>, 326 F.3d 1176, 1179-80 (11th Cir. 2003)(setting out procedure for district court's considering a Rule 60(b) motion filed after notice of appeal).

5.  The district court presented with a Rule 60(b) motion after a notice of appeal is filed may either deny the motion or indicate that it would grant the motion if the circuit court returns jurisdiction to it. The district court does not have jurisdiction to grant the motion absent a remand of the case by the court of appeals to it. <u>Id</u>.

6.  The Court has broad discretion in ruling on the parties' Rule 60(b) motion. <u>See</u> <u>Cano v. Baker</u>, 435 F.3d 1337, 1342 (11th Cir. 2006).

Rule 60(b) permits a district court to relieve a party from a final judgment for a variety of reasons, including "any other reason justifying relief". Equal Access For All, Inc. v. Hughes Resort, Inc., 2006 U.S. Dist. LEXIS 30129, *6; 2006 W.L. 1313189, *2 (N.D. Fla. 2006). One of the purposes of Rule 60(b) is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done. Ackerman v. U.S., 340 U.S. 193, 198, 71 S.Ct. 209, 211-212, 95 L.Ed. 207 (1950); In re Nazi Era Cases Against German Defendants Litigation, 236 F.R.D. 231, 236 (D.NJ. 2006).

7. This case is currently pending before the United States Court of Appeals for the Eleventh Circuit, Appeal Number 09-12255-FF, and is being mediated by Donald F. Hawbaker.

8. After a number of mediation meetings between the Aviation General Manager for the Atlanta Airport and the City Manager of College Park, the parties have reached a conditional settlement agreement. That agreement is in the form of a Consent Order, and is conditioned upon its entry by this Court. The parties' intent is that the terms of the Consent Order and, thus, the parties' settlement agreement, be

enforceable through the contempt powers of the Court. A copy of the parties' proposed Consent Order is attached hereto as **Exhibit 1**.

9. The proposed Consent Order was approved by the Atlanta's Aviation General Manager and College Park's City Manager subject to approval by their respective City Councils. College Park approved the Consent Order after multiple hearings before, and ultimately a vote by, its City Council. Atlanta's City Council has also adopted legislation approving the Consent Order.

10. The parties file this Motion seeking certain relief from this Court's prior judgment by its acknowledging that the parties have settled the case on appeal, entering an enforceable Consent Order outlining the terms of the settlement, relieving the parties from the necessity and cost of pursuing the appeal, and allowing its remand to this Court and its ultimate dismissal.

11. All parties agree that providing certain relief from this Court's prior judgment is desirable. Both the judiciary and the parties would save time and resources if the parties' Motion were granted. Settlement of this action under the terms outlined in the parties' proposed Consent Order would serve the best interests of the public. In such

circumstances, granting the parties' Motion is proper. See Equal Access For All, Inc. v. Hughes Resort, Inc., 2006 U.S. Dist. LEXIS 30129, *6; 2006 W.L. 1313189, *2 (N.D. Fla. 2006).

Based on the facts and authorities cited, and the exceptional circumstances of this case, the parties respectfully request that the Court certify or otherwise indicate that it will grant this Motion, and enter the proposed Consent Order, if this case is remanded by the Court of Appeals. For the Court's convenience, a proposed Order to that effect is attached as **Exhibit 2**. If issued by this Court, the parties will attach this certification to a Joint Motion for Remand and file it with the Court of Appeals. See Mahone, 326 F.3d at 1180.

This 25<u>th</u> day of May, 2010.

| | |
|---|---|
| s/ Greg Michell<br>Michael J. Bowers<br>Georgia Bar No. 071650<br>Greg Michell<br>Georgia Bar No. 504053<br><br>**BALCH & BINGHAM LLP**<br>30 Ivan Allen Jr. Blvd. NW, Ste 700<br>Atlanta, GA 30308<br>Telephone: (404) 261-6020<br>Facsimile: (404) 261-3656<br><br>/s/ Steven M. Fincher<br>Steven M. Fincher<br>Georgia Bar No. 260235<br>Winston A. Denmark<br>Georgia Bar No. 211751<br>L'Erin F. Barnes<br>Georgia Bar No. 141797<br><br>**FINCHER DENMARK &**<br>**WILLIAMS, LLC**<br>2262 Mount Zion Road<br>Jonesboro, Georgia 30236<br>Telephone (770) 478-9950<br>Facsimile (770) 471-9948<br><br>/s/ David F. Walbert<br>David F. Walbert<br>Georgia Bar No. 730450<br>**PARKS, CHESIN & WALBERT, P.C.**<br>75 14th Street, 26th Floor<br>Atlanta, GA 30309<br>Telephone: (404) 873-8000<br>Facsimile: (404)873-8050<br>COUNSE FOR PLAINTIFFS | /s/ Robert B. Caput<br>Robert B. Caput<br>Georgia Bar No. 108940<br>Michael S. Fineman<br>Georgia Bar No. 260840<br><br>**CITY OF ATLANTA,**<br>**DEPARTMENT OF LAW**<br>Hartsfield-Jackson Atlanta<br>International Airport<br>6000 N. Terminal Parkway<br>3rd Floor, East End<br>Atlanta, Georgia 30320<br>Telephone: (404) 209-4132<br>Facsimile: (404) 209-4110<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>COUNSEL FOR DEFENDANTS |

## CERTIFICATE OF COUNSEL REGARDING FONT SIZE

Counsel certifies that the foregoing has been prepared using Times New Roman font size 14 in accordance with Local Rules 5.1(B)(3) and 7.1(D).

This 25th day of May, 2010.

s/ Greg Michell
Georgia Bar No. 504053

## CERTIFICATE OF SERVICE

I hereby certify that on May 25th, 2010, I electronically filed the foregoing **JOINT MOTION FOR RELIEF FROM ORDER AND OPINION AND JUDGMENT** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification to such filing to the following attorneys of record:

> Robert B. Caput
> Michael S. Fineman
> City of Atlanta, Department of Law
> Robert.Caput@atlanta-airport.com
> Michael.Fineman@atlanta-airport.com
>
> Steven M. Fincher
> Winston A. Denmark
> FINCHER DENMARK & WILLIAMS, LLC
> sfincher@fdwlaw.com
> wdenmark@fdwlaw.com
>
> David F. Walbert
> PARKS, CHESIN & WALBERT, P.C.
> dwalbert@pcwlawfirm.com

> /s/ Greg Michell
> Georgia Bar No. 504053