# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **CITY OF COLLEGE PARK and CHARLES E. PHILLIPS, SR.,** | |
| Plaintiffs | CIVIL ACTION NO. 1:08-CV-1464 |
| v. | |
| **CITY OF ATLANTA and SHIRLEY FRANKLIN, in her official capacity as Mayor of the City of Atlanta,** | |
| Defendants. | |

*FILED IN CHAMBERS U.S.D.C. Atlanta AUG 02 2010 By: JAMES N. HATTEN, Clerk, Deputy Clerk*

## CONSENT ORDER

This matter having come before the Court on plaintiffs' and defendants' Joint Motion for Relief under Federal Rule of Civil Procedure 60(b), and the Court, having reviewed the record and the arguments of the parties, issues the following Consent Order:

## BACKGROUND

On March 31, 2009, this Court issued an: [i] Order and Opinion; and [ii] Judgment, ruling on plaintiffs' Request for Three-Judge Court and Motion for Leave to File First Amended Complaint, denying such Motions, dismissing the case in its entirety and vacating a previous injunction issued by the Court. This Court's Order and Opinion and Judgment are part of the record and incorporated into this Consent Order by reference.

144742.5

On April 30, 2009, plaintiffs appealed this Court's Order and Opinion and Judgment to the United States Court of Appeals for the Eleventh Circuit. Plaintiffs filed their Brief of Appellants with the United States Court of Appeals for the Eleventh Circuit on July 15, 2009. To date, through a series of extensions, defendants' have not filed their Brief of Appellees.

On September 10, 2009, pursuant to a directive from the United States Court of Appeals for the Eleventh Circuit, plaintiffs and defendants mediated this case, reached a tentative settlement agreement and, since the initial mediation date, have refined the terms of the settlement, reduced it to writing and obtained appropriate governmental approvals of such settlement from their respective municipalities.

On May 24, 2010, plaintiffs and defendants filed a Joint Motion for Relief from Order and Opinion and Judgment under Federal Rule of Civil Procedure 60(b)(6), seeking relief from this Court's Order and Opinion and Judgment through this Court's acknowledging that the parties have settled the case on appeal, entering an enforceable Consent Order outlining the terms of the settlement, relieving the parties from the necessity and cost of pursuing the appeal, allowing the appeal's remand to this Court and its ultimate dismissal.

This Court has considered the Joint Motion for Relief from Order and Opinion and is willing to enter the Consent Order reflecting the terms of the parties' settlement of this case on appeal.

## CONCLUSION

Based upon the above, and the consent of the parties, the Court reaffirms its issuance of the Order and Opinion and Judgment and further enters the following Consent Order:

## CONSENT ORDER

1. **MEETINGS AND BRIEFINGS**

   1.1. The City of Atlanta, Department of Aviation ("Atlanta"), agrees to invite and allow one (1) representative designated by the City of College Park ("College Park") to attend any planning meeting held at any location by Atlanta that, in the good faith determination of Atlanta, materially affects or could materially affect the interests of College Park or a significant number of its Citizens.

   1.2. College Park will participate as a partner in each planning meeting and will not use information obtained by it during any such meeting for any purpose other than to facilitate discussions with Department of Aviation staff about the subjects of such meeting, unless College Park can show that such information obtained by it during the applicable planning meeting:

      1.2.1. was in its possession or was known to the public or published to the public prior to its disclosure during the applicable planning meeting; or

1.2.2. subsequent to the time of disclosure during the applicable planning meeting, becomes known to the public or appears in published literature through no fault of College Park; or

1.2.3. was acquired by College Park from a third-party.

## 2. ADVANCE NOTICE

Atlanta agrees to provide College Park at least thirty (30) days earlier notice, than is otherwise required by FAA or Federal Rules, of any proposed action by Atlanta that, in the good faith determination of Atlanta, materially affects or could materially affect the interests of College Park or a significant number of its Citizens.

## 3. REPURCHASE OF WYNTERBROOK APARTMENTS

3.1. College Park will, contemporaneously with the date of its execution of this Order ("Order Date"), issue all permits necessary to authorize Atlanta to erect fences, demolish and remove existing structures and remediate environmental hazards on the Wynterbrook site.

3.2. Atlanta will demolish, remove all debris and remediate any environmental hazards on the Wynterbrook site promptly upon receipt from College Park and any other governmental entities with jurisdiction of the necessary permits and diligently pursue such activities until completion ("Wynterbrook Demolition Completion Date").

3.3. Atlanta will notify College Park in writing of the Wynterbrook Demolition Completion Date within ten (10) days of that date, at which time College Park will have an option, exercisable by written notice to Atlanta within one hundred eighty (180) days of the Wynterbrook Demolition Completion Date, to purchase at fair market value the Wynterbrook site.

3.4. "Fair market value" for the Wynterbrook site shall be determined as of the Wynterbrook Demolition Completion Date and by the process detailed on **Exhibit "B"**.

3.5. If purchased by College Park, the Wynterbrook site shall be subject to the restrictive covenants contained on **Exhibit "A"**.

3.6. If College Park does not exercise its option to purchase the Wynterbrook site within one hundred eighty (180) days of the Wynterbrook Demolition Completion Date, Atlanta, at its expense and subject to any applicable laws, including laws governing the procurement of services, will promptly engage the services of an economic development specialist/land planner to assist it in returning the Wynterbrook site to productive use.

4. **PART 150 PROGRAM**

Atlanta agrees to modify its current Part 150 Program to eliminate authorization to acquire any apartment complex within College Park other than Clubhouse

Apartments, located at 3800 Hershel Road. For purposes of this Consent Order, an apartment complex means any building with four (4) or more residential units.

## 5. NCP PROGRAM

5.1. Subject to the Section entitled "PART 150 PROGRAM", Atlanta agrees to consult with College Park, within the confines of the Federal guidelines and other applicable law, on what properties, identified in the existing and future Part 150 documents as eligible for receipt of noise mitigation funds, are mitigated and the timing of the mitigations.

5.2. This consultation shall take place prior to mitigation of each property and Atlanta shall notify College Park when mitigation of each property has been completed. If Atlanta groups properties into packages for mitigation, consultation may take place prior to mitigation of each package (as opposed to each property) and Atlanta may notify College Park when mitigation of each package (as opposed to each property) has been completed. The parties may modify this consultation and notification process at any time as long as the modification is agreed to in writing by all parties prior to being implemented.

## 6. OPERATIONAL ACQUISITIONS

Atlanta agrees to discuss with College Park, within one hundred twenty (120) days of the Order Date, a potential arrangement whereby, for future real property

acquisitions for operations of the airport and for which Atlanta is tax exempt, the City of Atlanta will pay a Payment in Lieu of Taxes.

## 7. WYNTERBROOK SITE; MISCELLANEOUS

7.1. College Park agrees that the portion of Frontage Road owned by the City of Atlanta abutting the Wynterbrook Site may be and remain permanently closed to vehicular traffic of any kind during the term of Atlanta's ownership and that the closure of Frontage Road does not and shall not constitute a violation of any law, ordinance or other code provision enforceable by or existing for the benefit of College Park or its Citizens.

7.2. The parties have disposed of this case through the execution of this Consent Order and the remand/dismissal of the appeal. Additionally, within three (3) days of the Order Date, College Park will dismiss "with prejudice" the following litigation, each in its entirety:

7.2.1. City of College Park v. 2600 Camp Creek, LLC v. The City of College Park, Jack P. Longino (as an individual), Joe Carn (as an individual), Russell Slider (as an individual), Tracey Wyatt (as an individual), Charles E. Phillips, Sr (as an individual), William E. Johnson (as an individual) and Oscar Hudson (as an individual), Fulton County Superior Court, Case No. 2005-CV-101612;[1] and

---

[1] The parties acknowledge that on November 9, 2009, College Park dismissed this lawsuit without prejudice. College Park agrees to file an amended Dismissal with Prejudice and to take any further actions, including filing a motion or obtaining a Consent Order in this case in order to dismiss it in its entirety with prejudice.

7.2.2. <u>City of College Park v. City of Atlanta</u>, Fulton County Superior Court, Case No 2008-CV-148980.

7.3. All parties will bear their own costs, and no party will seek an order for attorney's fees or other litigation costs.

## 8. **EFFECTIVE DATE OF AGREEMENT**

The parties agree that this Order shall be effective on the Order Date and shall remain effective until further order of the Court, or for fifty (50) years, whichever shall first occur.

The parties agree that compliance with these requirements is subject to applicable law.

SO ORDERED and AGREED this 30 day of July, 2010.

_____
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

By: _____
Robert B. Caput, Senior Assistant
City Attorney, on behalf of
Defendants, City of Atlanta and
Mayor Shirley Franklin
Executed: _____, 2010

By: _____
Greg Michell, on behalf of
Plaintiffs, City of College Park and
Charles E. Phillips, Sr.
Executed: _____, 2010